IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOSE ESCALERA                                                                          PLAINTIFF

vs.                                        No. 5:16-cv-1106

BASS FISHING & RENTALS, LLC,
and STEVEN JOHNSTON                                                      DEFENDANTS

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jose Escalera ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Bass Fishing & Rentals, LLC ("Bass"), and Steven Johnston (collectively referred to as "Defendants"), and in support thereof, he does hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that he was made to work.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.   JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.   Plaintiff worked for Defendant in this district.

## III.   THE PARTIES

5.      Plaintiff Jose Escalera is an individual and resident of Hood County, Texas.

6.      At all times relevant to this Complaint, Plaintiff was employed by Defendants as a Flowback Operator and was misclassified as salaried and non-exempt from the requirements of the FLSA.

7.      Bass is a for-profit, domestic limited liability company created and existing under and by virtue of the laws of the State of Texas and registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

8.      Bass's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

9.      During each of the three years preceding the filing of this Complaint, Bass employed at least two individuals who were engaged in interstate commerce or in the

production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

10.     Steven Johnston is an individual who resides in the State of Texas.

11.     Johnston controls the day-to-day operations of Bass, or has the right so to control Bass, that he is liable to Plaintiff as an employer under the FLSA.

12.     Johnston or his designee hired Plaintiff.

13.     Johnston established and maintained the policies at issue in this case.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

15.     Within three years prior to the filing of this case, Defendants hired Plaintiff to perform duties as a Flowback Operator.

16.     As a manual laborer, Plaintiff's duties were to assist in fracking oil and gas wells and to operate, maintain, set-up, disassemble, and repair equipment at the wells.

17.     In all weeks in which Plaintiff performed manual labor, Defendants paid Plaintiff a weekly salary.

18.     Defendants paid Plaintiff no overtime premium for weeks in which Plaintiff worked more than forty hours per week.

19.     Plaintiff worked more than forty hours per week on a regular, typical basis while working for Defendants.

20.     Defendants did not require Plaintiff to have any professional education

relevant to his job duties as a prerequisite to employment.

21.    Plaintiff was a classic blue-collar worker, spending his physical, demanding, long shifts outdoors in the elements, and not in an office.

22.    Defendants provided Plaintiff with a pick-up truck that he was required to drive to and from the job sites.

23.    During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

24.    Plaintiff did not select any employees for hire nor did he provide any formal training for any employee.

25.    Plaintiff had no ability to hire and fire any employees.

26.    Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

27.    Defendants knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

28.    Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Flowback Operators.

29.    Law in support of the position taken by Plaintiff in this lawsuit is reflected in the U.S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendants within the time period of the statute of limitations that is applicable to this case.

30.    Despite being on notice of its violations, Defendants chose to continue to

misclassify Plaintiff and withhold overtime wages to them in an effort to enhance its profits.

## V.   CLAIM FOR RELIEF

31.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

32.    Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

33.    Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

34.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

35.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

36.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff Jose Escalera respectfully prays for declaratory relief and damages as follows:

A.    That Defendants each be summoned to appear and answer herein;

B.     That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

E.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

F.     An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JOSE ESCALERA**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com